IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| DANIEL LAFITTE DUMONDE, ) | |
|     PETITIONER, ) | |
| V. ) | CASE NO. 2:05cv954-D |
| ) | |
| STATE OF TENNESSEE, ET.AL. ) | |
|     RESPONDENTS. ) | |

WRIT FOR HABEAS CORPUS, 28,U.S.C. §2241

    COMES NOW PETITIONER, DANIEL LAFITTE DUMONDE, IN THIS WRIT-FOR HABEAS-CORPUS TO COMPLAIN IN THIS HONORABLE COURT AND SEEK REDRESS AND RELIEF FROM UNLAWFUL-DETAINER SEEKING EXTRADITION OF PETITIONER. THAT SUCH DETAINER IS ILLEGAL ,UNCONSTITUTIONAL AND AN IMPROPER REQUEST FOR RESTRAINT ON THIS PETITIONER'S FREEDOMS.

TO WIT;

  TO PLACE THIS COMPLAINT IN PROPER PERSPECTIVE, A BRIEF PRE--HISTORY IS IN ORDER, AS FOLLOWS;

### PRE-HISTORY

  That petitioner was arrested on <u>October 23, 2003</u>, by Detectives Sgt. V.W.TICE and LT. PAUL LOGAN of The Jefferson County Sheriff's--Department at Birmingham, Alabama, on a charge of "Theft of Property".

  That at the same time as petitioner was arrested on this ILLEGAL--CHARGE, Petitioner was arrested and committed to the Jefferson--County Jail at Birmingham, Alabama, <u>on an additional-charge of --Theft on a "Fugitive from Justice Warrant"</u> from <u>SMYRNA, TENNESSEE.</u>
- SEE ATTACHED "JEFFERSON COUNTY,ALABAMA, COUNTY JAIL IDENTIFICATION--CARD REFLECTING TENNESSEE CHARGE- "FFJ-TENNESSEE", and where it says-
(PAGE ONE)

-"HOLDOVER"  -SMYRNA TN.
        ( PETITIONER'S EXHIBIT- "A")

   NO WARRANT FROM TENNESSEE WAS EVER PRODUCED BY JEFFERSON COUNTY-
-ALABAMA SHERIFF'S PERSONNEL AT THE JAIL AS REPEATED REQUESTS
FOR SAME WENT UNADDRESSED.

   As Petitioner was indicted on a seperate-Federal-Charge based
-on the same set of (Bad) facts, the State of Alabama charge of
"Theft" was dismissed. ( This original-Alabama arrest has since
-been determined to be an illegal-arrest, as the Jefferson County,
Alabama Sheriff's Dept. Detectives did use concocted and fraudulent
-warrant-copy documents to effect the Alabama arrest without probable-
-cause to execute same. Sgt.V.W. TICE and LT. PAUL LOGAN have
now been sued in a Multi-Million Dollar lawsuit for that illegal-
-arrest, and this plaintiff has called for an official-investigation
from the F.B.I. concerning these officer's alledged criminal acts
in concocting the theft warrants.

   On the Federal-Level, The State of Tennessee,et.al., dismissed-
thier detainer/fugitive request.
   (SEE EXHIBIT-"B", "PRE-SENTENCE INVESTIGATION REPORT"2-pages,
ON THE SECOND PAGE OF THIS FEDERAL-PROBATION DEPT. DOCUMENT DATED
-NOVEMBER 23,2004, it is apparent that NO-DETAINERS have been
-placed on this defendant on the Fedral-level as of this date,
more than a Five-Months after the State of Alabama case was dis-
-missed June 8,2004.
   This second page of the Federal-Document clearly affirms from
the U.S. Probation Dept. there- DETAINERS: None.

                          (PAGE TWO)

As I was subsequently commited to federal-prison on the federal--charges, I made an additional-complaint to The ALABAMA BUREAU-OF INVESTIGATION"S CHIEF KEN HALLFORD in MONTGOMERY, ALABAMA, concerning the Criminal-Complaint of the fraudulent warrant-copy concocted by SGT.V.W. TICE and LT. PAUL LOGAN in the dismissed Jefferson County, Alabama case, in early AUGUST,2005.

ALMOST IMMEDIATELY, THE STATE OF TENNESSEE,ET.,AL, APPARENTLY--RENEWED THIER DETAINER/REQUEST FOR PETITIONER, HERE AT THE FEDERAL--PRISON IN MONTGOMERY, in an improperly filed and arbitrary-request- placing an illegal-detainer on petitioner again, MORE THAN A YEAR- AFTER RETRACTING/DISMISSING SAME.

It is presumed that the detainer request, as it was capriciously renewed only after the recent request for criminal-investigation of Sgt. V.W. TICE and LT. PAUL LOGAN was submitted to The Alabama -Bureau of Investigation for consideration of chàrges, has been- UNTIMELY-RENEWED as favor to these Alàbama-Officers in retaliation of petitioner's submission of evidence against them.

### ILLEGAL DETAINER:IMPROPER FORM/REQUEST

Petitioner asserts the current request for detainer is illegal- because it was/is fundamentally-unfair and a DENIAL OF DUE-PROCESS of LAW, to first have been refused opportunity to examine the- Tennessee-warrant/documents as requested at the Jefferson County, Alabama Sheriff's dept./Jail.

It is fundamentally UNFAIR as <u>CAPRICIOUS AND ARBITRARY ACTION,</u> for The State of Tennessee, et.al., to have <u>DISMISSED this detainer-</u> -request for more than one year-(16-MONTHS), and Now suddenly, <u>RENEW THIS REQUEST 16 MONTHS LATER</u>, hereʰ again <u>this AUGUST 8,2005.</u>

(PAGE THREE)

The State of Tennessee has by willful delay of some 16-months, and a total of **TWO-YEARS** since first placing, then removing the -detainer/extradition request, prejudiced petitioner by precluding finding of any witnesses that may have been called in favor of any defense to the **vaugue allegations**, thereby **denying to petitioner-** the **RIGHT TO A FAST AND SPEEDY TRIAL**, and Due and orderly process.

## IMPROPER FORM OF DEMAND

**DISTRICT ATTORNEY'S LETTER.**   (ATTACHED EXHIBIT-"C")

THE STALE DISTRICT ATTORNEY'S LETTER IS **DATED -OCTOBER 15,2003**.
° THE **LETTER** is **Unconstitutionally vaugue**.
°It is **UNADDRESSED TO ANYONE IN THIS STATE OF ALABAMA**. This letter from William C.Whitesell,Jr., of Oct.15,**2003**, is addressed to **Chief Mike Beach, Smyrna Police Department, 315 South Lowry St.,** -Smyrna, Tennessee.
° THERE IS **NO ACCOMPANYING AFFIDAVIT TO ANY FACTS**.
°THERE IS **NO INFORMATION FILED BY DISTRICT ATTORNEY WHITESELL,-OR ANYONE ELSE** THERE.
° DOES NOT STATE THAT THIS LETTER IS CONCERNING THE SAME THEFT-AS THE ACCOMPANYING WARRANT, OR WHICH OR WHAT **"THEFT"**, NOR DOES IT CITE ANY VICTIM.
°NO CERTIFICATION THAT WHITESELL IS A PROSECUTING OFFICER IN THIS CASE.

**THE WARRANT.**   (ATTACHED EXHIBIT-"D") & ("D-1")
° THERE IS NO RENDITION WARRANT OR DEMAND FROM EXECUTIVE ATHORITY-OF THE STATE OF TENNESSEE.

**ADDITIONAL WARRANT-COPY ISSUES.**   (continued next page)

**WARRANT COPY ISSUES.**

° The affiant, a Detective Rick Hall, **Has NOT RECTIED PERSONAL-KNOWLEDGE, PROVIDES NO SOURCES OF INFORMATION NOR OTHER DETAILS,** only recites "hearsay" both vaugue and impermissably in the Third-Person.

° The victim, if there is a victim, **HAS NOT SIGNED THIS WARRANT,**

° **THERE IS NO VICTIM STATEMENT, NOR ANY FIRST PERSON-ACCOUNT OF ANY-CRIME. THE WARRANT FAILS TO SUFFICIENTLY CHARGE A CRIME.**

**PROBABLE-CAUSE.**

The affiant states that, a diamond ring was obtained from, and then sold to a Robert Buck.

The warrant dated **October 8, 2003,** states-**DANIEL LAFITTE DUMONDE DID UNLAWFULLY AND KNOWINGLY OBTAIN OR EXERCISE CONTROL OF CERTAIN-PROPERTY, to wit: 4.21 ct. diamond ring,** -of the value of $7,750.00 the property of one **ROBERT BUCK,** without the owner's effective consent and with the intent to deprive the owner thereof. Probable Cause as follows:
"On or around August 27, 2003, Mr. DuMonde sold a stole ring to Robert Buck for $7,750, cash. He told Mr. Buck his name was Daniel-Spencer and that the ring had been in the family a long time. On October 8, 2003, Mr. Buck Identified Mr. DuMonde in a photo-line-up as the person that (**illegible**)  ring that he purchased."

° THERE IS NO PHOTO-LINE-UP PROVIDED NOR SIGNED BY ANY "VICTIM", INCLUDING ANY "ROBERT BUCK".

° IT IS A VAUGUE CONCLUSORY STATEMENT NOT MADE BY THE VICTIM, NOR DOES THE AFFIANT, DET. RICK HALL, SAY THAT ROBERT-BUCK NOR ANY OTHER PERSON HAS PROVIDED THE INFORMATION STATED.

(PAGE FIVE)

° THE <u>STATEMENT FAILS TO SUFFICIENTLY CHARGE A CRIME NOR MAKE-</u>
<u>-OUT A PRIMA-FACIE CASE OF LEGAL DETENTION</u>.

**<u>OTHER WARRANT-COPY ISSUES</u>.**

THE <u>WARRANT COPY BEARS NO SEAL</u>, AND CERTIFIES NOTHING, EXCEPT
FOR A "RUBBER-STAMP" AND AN ILLEGIBLE SIGNATURE.

° A <u>JURAT IS NOT ATTACHED</u>, AND <u>THERE IS NOTHING TO SHOW THAT-</u>
THIS <u>**VAUGUE-STATEMENT WAS EVEN MADE BEFORE A MAGISTRATE**</u>.

° IT APPEARS TO HAVE BEEN MADE IN FRONT OF A "LISA K. WAGNER,"
HOWEVER, IT IS UNCERTAIN WHAT TITLE OR AUTHORITY-"LISA K. WAGNER"
HAS, **<u>AS THE TITLE OF"JUDGE,SMYRNA CITY-COURT JUDICIAL COMMISSIONER</u>",**
APPEARS UNDER "LISA K. WAGNER' <u>THERE IS APPARENTLY A DISCLAIMER</u>,AS
THE WORD/TITLE-"JUDGE" IS MARKED THROUGH WITH A-'/"SLASH, UNDER
EACH "LISA K.WAGNER" SIGNATURE.

°IN ADDITION, <u>THERE IS NO INDICTMENT</u>/-NOR AFFIDAVIT.

C            <u>**IN CONCLUSION**</u>

**THE WARRANT AND SUPPORTING DISTRICT ATTORNEY LETTER ARE INSUF-**
**-FICIENT TO SUPPORT THIS CAUSE OF ACTION BY THE STATE OF TENNESSEE**
**TO DETAIN OR EXTRADITE THIS PETITIONER,** THE DEMAND IS INSUFFICIENT
BY BOTH THE STATE OF ALABAMA'S EXISTING LAWS, FEDERAL STATUTES
OR THE UNITED STATES CONSTITUTION.

"WHERE COMPLAINT IN INTERSTATE EXTRADITION PROCEEDING STATED
ONLY BARE CONCLUSIONS, IT WOULD NOT SUPPORT A FINDING OF PROBABLE-
-CAUSE" **<u>CODE OF ALABAMA.1975,§§ 15-9-31, 15-9-33</u>.**

"Function of courts in extradition proceedings is statutory
and is to insure that a proper formal charge exists against the
accused and that he is a fugitive"
**<u>RAYBURN V. STATE, ALA. 366 Southern Reporter,2d Series, 698</u>.**

(PAGE SIX)

"A proceeding for extradition is not a trial, but the issue is -confined to a single question of whether the evidence for the state makes a prima facie case of guilt sufficient to make it proper to hold the party for trial"
<u>Charlton v. Kelly, 229 US 447,33 S Ct 945</u>.

While there has been no demand to the executive authority of the State of Alabama, Petitioner contends equally that as there is <u>NO INDICTMENT,</u> and there <u>is no victim statement</u>, <u>affidavit- -of facts</u>, <u>nor even a written demand by the prosecutor</u> to the Bureau of Prisons here, the demand by Smyrna, Tennessee is improper, vaugue at best, defective and impermissable as cause to further detain this petitioner.

Moreover, an indictment or affidavit is required by the provisions of US Rev Stat §5278, USCS title 18, §662 governing interstate extradition.
<u>COMPTON v. ALABAMA, 214 US 1,29 S Ct 605</u>.

    ON THE ABOVE PREMISES CONSIDERED, YOUR PETITIONER SEEKS REDRESS OF THIS GRIEVANCE IN THIS HONORABLE- COURT, FOR ORDER FINDING THE DEMAND BY THE STATE- -OF TENNESSEE IMPROPER TO DETAIN THIS PETITIONER, AND THAT SAME BE DIRECTED TO THE BUREAU OF PRISONS AT MAXWELL A.F.B., MONTGOMERY, ALABAMA.

    Sworn under penalty for perjury and Respectfully Submitted,

    THIS <u>3</u> DAY OF OCTOBER, 2005,

*/s/ James B. Dumonde*
DANIEL L. DUMONDE, Petitioner
#21609-001, MOBILE-B
F.P.C. MONTGOMERY, AL.

(PAGE SEVEN)

# JEFFERSON COUNTY JAIL

## IDENTIFICATION CARD

JAIL # 20314092    JCID # 178493    CLASS PNGC    DATE 10-23-2003

BOOKING DEP. BP    SEARCH DEP. ADH    CELL # 7-E-01    TIME 0940

NAME    DUMONDE, DANIEL LAFITTE
TRUE NAME

| CHARGE | WARRANT # | BOND | CASE # |
|---|---|---|---|
| HARASSING COMM TOP 1 | 02-00109386 | $500 | |
| FFJ-TENNESSEE | 01-00418453 | $100000 XXX | |

HOLDOVER    SMYRNA TN
3556  0157  NONE

## PROPERTY

PL. Keys coins rings wallet    $ 494.00
credit card ELDL

SIGNATURE X _Daniel Dumonde_
(SIGNATURE DENOTES RECEIPT OF PROPERTY ITEMS LISTED)

## EMERGENCY INFORMATION

NAME    EVELYN WATTS    MOM*    PHONE    205-425-4037
ADDRESS    SEE BELOW*

HOME PHONE 205-000-0000    BIRTH PLACE    NY    RACE W    SEX M    AGE 51

DOB 03-31-1952    WGT. 195    HGT. 5'10    EYES BLU    HAIR BRO
SSN # 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    AIS #

LIVES    1829 13TH ST NO        BESSEMER AL    35020
MARRIED/SINGLE    S            SPOUSE'S FIRST NAME
EMPLOYED BY    DISABLED

FATHER    DECEASED*    MOTHER    EVELYN WATTS*
ADDRESS    1500 EXETER AVE APT 706 BESS AL

COMMITTING ORI    AL0010000    ARRESTING OFFICER    MILLER
AGENCY    JCSO    BADGE #

HABEAS-EXHIBIT-"A"
FRONT