IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

DANIEL LAFITTE DUMONDE              *

    Petitioner,                                    *

       v.                                          * CIVIL ACTION NO. 2:05-CV-954-D
                                (WO)

STATE OF TENNESSEE                      *

    Respondent.                                  *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 28 U.S.C. § 2241 petition for habeas corpus relief, Petitioner, an inmate in

federal custody, challenges the validity of a detainer lodged against him by officials of

Rutherford County, Tennessee.

**I. DISCUSSION**

This court "[f]or the convenience of the parties and witnesses, [and] in the interest

of justice" may transfer a case to any district where it might have been brought. 28 U.S.C.

§ 1404(a). Petitioner challenges the legality of a detainer placed against him by law

enforcement officials of Rutherford County, Tennessee. Rutherford County, Tennessee, is

located within the jurisdiction of the United States District Court for the Middle District of

Tennessee, Nashville Division.

Where a prisoner brings an action in the district court of his confinement seeking to

challenge a detainer lodged against him by another state, the court may transfer the cause of action to a more convenient forum. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484 (1973)*; Byrd v. Martin*, 754 F.2d 963 (11th Cir. 1985)*.* Upon consideration of the factual allegations contained in the present petition, it is clear to this court that the United States District Court for the Middle District of Tennessee is the most desirable and convenient forum for the adjudication of Petitioner's claims for habeas corpus relief. It is in the Middle District of Tennessee where all the events material to Petitioner's claims took place and where the records and witnesses pertinent to such claims are likely to be found. In light of the foregoing, the court concludes that a transfer of this case to the United States District Court for the Middle District of Tennessee pursuant to 28 U.S.C. § 1404(a) is appropriate.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be transferred to the United States District Court for the Middle District of Tennessee, Nashville Division.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before October 27, 2005. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are

advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of October 2005.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE