IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE - DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANIEL LAFITTE DUMONDE, | ) | |
| PETITIONER, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 2:05-CV-954-D |
| | ) | |
| STATE OF TENNESSEE, ET.AL. | ) | |
| RESPONDENT. | ) | |

## OBJECTION TO MAGISTRATE'S RECOMMENDATION- AND MOTION FOR REVIEW BY DICTRICT COURT JUDGE

COMES NOW PETITIONER, DANIEL LAFITTE DUMONDE, BY AND THROUGH HIMSELF, in propia persona, in the above referenced civil-action, having filed for relief by Writ of Habeas corpus,28,U.S.C. §2241, challenging the validity of an **(unlawful)**-detainer filed against him by officials of Rutherford County, Tennessee.

That said detainer has been filed illegally and unconstitutionally seeks to continue to compel authorities at Montgomery County, Alabama to detain petitioner in custody by use of spurious, vaugue documents without sufficiently showing probable-cause, or other valid authority, indictment nor affidavit of facts containing requisite constitutional cause.

Your petitioner objects to the Magistrate's Reccomendation issued October 13, 2005, and moves the court for review by a United-States District Court Judge. Petitioner would additionally state as follows;

(1.) That a detainer letter **dated October, 2003**, and addressed to The Smyrna, Tennesssee Police Department, along with an warrant that is not sealed,nor signed by any judicial authority,and as affiant appears in the **third party**, without any victim statement nor affidavit of facts, **is clearly unconstitutional to detain anyone in this country** for extradition on any charge.

(PAGE ONE)

There is NO INDICTMENT NOR AFFIDAVIT ACCOMPANYING THE REQUEST BY THE SMYRNA, TENNESSSEE POLICE DEPARTMENT, NOR ANY REQUEST TO ANYONE IN THIS STATE OF ALABAMA FROM THE DISTRICT ATTORNEY THERE.

Federal law is clear that niether the executive authority of this State (or any State) has the power to issue his warrant for arrest for a crime committed in another State withour being furnished with a copy of indictment or affidavit required by Rev Stat §5278, USCS title 18 §662 governing interstate extradition,- COMPTON V. ALABAMA, 214 US 1, 29 S Ct 605.

   Petitioner therefore contend the same applies all the more here, where no demand has even been made to anyone in this State by the District attorney of Tennesse- the accompanying two-year old District-Attorney letter addressed to the Smyrna, Tennessee police dept.

(2.) The Magistrate has recommended that petitioner's greivance be transferred to The Northern District Court for The Middle District of Tennessee, and Petitioner emphatically OBJECTS.
  The "detainer request" was lodged in This State of Alabama, NOT-TENNESSEE. The District of TENNESSEE, should not be allowed to decide if this petitioner should be brought to TENNESSEE.
The transfer is a conflict of interest, and an improper recommendation by the Magistrate under the circumstances.

(3.) Suffice to say, this recommendation is in conflict with the very crux of the issue, threfore, An Alabama Jurist should decide- whether Tennessee's request is in compliance with law, whether a Alabama Federal or State Jurist, as extradition law is appropriately brought here, as it is actually Fedral Law arising from the Compact-Clause.

(PAGE TWO)

(4.) **Moreover,** the decision to be made here is an elementary one, are the documents sufficient under existing law and does the complaint state sufficient probable cause to allow the detention.

As shown, an Affidavit of facts and/or Indictment is absolutely required by Fedral statute to authorize the executive authority of any given state to issue a warrant for extradition, and NO DEMAND has even been made from any executive authority here.

(5.) Petitioner contends the request made by the Smyrna Police dept. insufficient by any definition of law governing extraditions. Petitioner has never been arrested on this charge in Tennessee, nor has he been properly charged, accused by the victim, if any, nor has it been established exactly what has occurred, as the warrant says that property, (A DIAMOND RING) WAS STOLEN FROM, AND SOLD TO-one ROBERT BUCK, either by Daniel Spencer or Daniel DuMonde, this statement being made as vaugue hearsay, or worse, from a third party who hasn't stated any personal knowledge nor how or even whom this vaugue Statement has come to complaint. The entire foggy issue being made in front of someone, who has slashed-out the title of "Judge" under each of the untitled authority's signature.

On the above premises considered, your Petitioner -Objects to the Magistrate's proposal, and respect--fully moves this court to review by a District--Court Judge.

DANIEL DUMONDE, PETITIONER, PRO-SE
Respectfully Submitted,

This **14** Day of October, 2005,

(PAGE THREE)